**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID R. MASON,

        Appellant,

     v.

DEPARTMENT OF HOMELAND
  SECURITY,

        Agency.

DOCKET NUMBER
AT-1221-12-0005-W-3

DATE: February 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David R. Mason</u>, Gallatin, Tennessee, pro se.

<u>Steven Lewengrub</u>, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which granted his request for corrective action in this individual right of action (IRA) appeal regarding a letter of reprimand and denied his request for corrective action regarding a 4-month detail. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed by the agency as a Financial Specialist at the Nashville International Airport (BNA Nashville), and his duties included "budget formulation, execution, oversight[,] and management of travel and acquisitions activity and monitoring and ensuring compliance of budget and financial activities with all [agency] policies and guidelines." *Mason v. Department of Homeland Security*, AT-1221-12-0005-W-1, Initial Appeal File (IAF), Tab 6, Subtabs 4k, 4m. On March 2, 2010, the appellant emailed his immediate supervisor, the Assistant Federal Security Director (AFSD), to advise her that a purchase request had been submitted to purchase books through the Barnes and Noble website and that the terms and conditions of the website included an indemnification clause that violated the Anti-Deficiency Act (ADA). IAF, Tab 6, Subtab 4i at 7. The appellant's email documenting his concern was forwarded to the agency's legal and finance officials. *Id.*, Subtab 4h at 5-8. An agency attorney responded and stated that he "would not interpose any legal objection to access or use of these websites" for certain Government purchases. *Id.* at 6.

On March 8, 2010, the appellant emailed a number of agency officials an expenditure report for BNA Nashville that included annotations of "ADA violation" or "Hold for potential ADA violation" for several purchases, including the Barnes and Noble purchase.  IAF, Tab 6, Subtab 4j.  The Federal Security Director (FSD), the appellant's second-line supervisor, replied to the appellant's email, noted that the budget and legal officials "substantially disagreed" with his interpretation of an ADA violation, and questioned the accuracy of several of the ADA annotations, especially for the Barnes and Noble purchase.  *Id.*, Subtab 4i at 4.  The FSD instructed the appellant to recall his expenditure report and to resubmit a corrected copy.  *Id.*  The appellant responded to the FSD's email.  *Id.* at 3.  On March 9, 2010, the FSD directed the appellant to "resubmit a correctly annotated expenditure report through [his] AFSD [no later than close of business] on Friday, March 12."  *Id.* (emphasis in original).

On March 12, 2010, the appellant sent the FSD a lengthy email in which he, among other things, requested clarification regarding whether he was being directly ordered to resubmit a corrected report, and requested an extension of time to file the corrected report.  *Id.* at 1-2.  The FSD denied the extension request.  *Id.* at 1.  The appellant timely submitted a corrected expenditure report to the Acting AFSD.  *Id.*  However, rather than deleting the references to ADA violations or potential ADA violations in the corrected expenditure report, the appellant noted that he had reported to the AFSD certain transactions as potential ADA violations.  *Id.* at 9-11, 14, 16.  The Acting AFSD forwarded the corrected expenditure report.  *Mason v. Department of Homeland Security*, MSPB Docket No. AT-1221-12-0005-W-3, Appeal File (W-3 AF), Tab 28, Exhibit B.  On March 15, 2010, the AFSD ordered the appellant to remove the references to the ADA violations from the corrected expenditure report.  IAF, Tab 6, Subtab 4h at 1-2.  The appellant complied with the AFSD's order.  *Id.*, Subtab 4e at 2.  On April 14, 2010, the agency issued to the appellant a letter of reprimand (LOR) for "failure to follow the instruction of [the] FSD [] to remove extraneous

annotations from the Nashville Expenditure Report by close of business, Friday[,] March 12, 2010." *Id.* at 1-3.

On January 14, 2011, the AFSD notified the appellant that he would be detailed to the position of Program Analyst, from January 18, to April 17, 2011, "[to] assist with analysis of data regarding the in-line baggage system."[2]  IAF, Tab 6, Subtab 4c.  The notice advised the appellant that he still would encumber his current position of record and his pay would remain unchanged, although the detail would be documented in his Official Personnel File.  *Id.* at 1.

The appellant filed this IRA appeal challenging the issuance of the LOR and the imposition of his 4-month detail.  IAF, Tab 1.  The appeal was twice dismissed without prejudice and refiled.  IAF, Tab 17; *Mason v. Department of Homeland Security*, MSPB Docket No. AT-1221-12-0005-W-2, Appeal File, Tabs 1, 4; W-3 AF, Tab 1.  The administrative judged determined that the Board has jurisdiction over this IRA appeal, and he afforded the appellant a hearing on the merits.  W-3 AF, Tab 19 at 1-2, 5, Tab 29, Initial Decision (ID) at 1, 8-9.  The administrative judge found that the appellant made protected whistleblowing disclosures in 2010 regarding potential ADA violations that were a contributing factor in the agency's decision to issue the LOR and to detail him to the Program Analyst position.[3]  ID at 10-14.  The administrative judge further found that the

_____

[2] The detail was extended to May 17, 2011.  IAF, Tab 6, Subtab 4b at 1.

[3] Relying on the Board's decisions in *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 n.5 (2013), *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013), and *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶¶ 18-25 (2011), the administrative judge also found that the appellant established that his 2008 disclosures regarding a possible ADA violation and 2007 and 2008 disclosures regarding a $160 taxi fare incurred by another agency employee were protected whistleblowing disclosures.  ID at 11-12.  However, the administrative judge determined that the appellant did not prove the "timing" prong of the knowledge/timing contributing factor test regarding the 2011 detail and he did not establish that he exhausted his administrative remedy with OSC regarding his claim that any 2007 or 2008 disclosures were a contributing factor in the agency's decision to issue the LOR.  ID at 14 n.4.  The appellant does not challenge these findings on review, and we affirm them herein.

agency failed to prove by clear and convincing evidence that it would have issued the 2010 LOR in the absence of the appellant's disclosures, and thus, the appellant was entitled to corrective action. ID at 14-21. However, the administrative judge determined that the agency proved by clear and convincing evidence that it would have detailed the appellant in the absence of his protected disclosures; thus, he denied the appellant's request for corrective action regarding the detail. ID at 21-26.

The appellant has filed a petition for review and a supplement to his petition, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant does not challenge the administrative judge's conclusion that he made protected whistleblowing disclosures in 2010 that were a contributing factor in the agency's decision to issue the LOR and to detail him to the Program Analyst position. Nor has he challenged the administrative judge's finding that the agency failed to prove by clear and convincing evidence that it would have issued the LOR absent his whistleblowing disclosures. The agency has not filed a cross petition for review. Accordingly, we affirm these findings herein. The only substantive issue before us is the administrative judge's determination that the agency proved by clear and convincing evidence that it would have detailed the appellant absent his whistleblowing disclosures.

<u>The agency has shown by clear and convincing evidence that it would have detailed the appellant in the absence of his protected whistleblowing disclosures.</u>

Under the law in effect at the time of the material events in this appeal,[4] once an appellant has met the burden of showing that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action, the burden shifts to the agency to establish by clear and convincing evidence that it would have taken the same action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 12 (2015). In determining whether the agency has met this burden, the Board will consider all of the relevant factors, including the following ("*Carr* factors"): (1) The strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11.

Below, the administrative judge thoroughly analyzed the *Carr* factors in accordance with *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). ID at 21-26. In pertinent part, he found that the agency had sound reasons for detailing the appellant, including that the appellant had the best skill set to analyze the relevant data and was detailed to the Program Analyst position so that he could focus solely on those duties, rather than being assigned additional duties along with his regular duties. ID at 21-24. The administrative

_____

[4] All of the relevant events occurred before the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA). Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476. Even if we analyzed the appellant's claims under the WPEA, a different outcome is not warranted. Moreover, we have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

judge found that there was a "fairly strong" motive to retaliate by the AFSD and FSD. ID at 16-24. He also determined that the differences between the appellant's situation and proposed comparator employees detracted from their probative weight, and he concluded that the agency took similar actions against employees who did not make whistleblowing disclosures. ID at 24-25. Thus, he concluded that the agency met its burden by clear and convincing evidence that it would have detailed the appellant in the absence of his protected whistleblowing disclosures. ID at 25-26.

The appellant raises numerous procedural and evidentiary arguments on review, but he does not appear to assert any substantive challenge to the administrative judge's clear and convincing analysis concerning his detail.[5] Based upon the administrative judge's thorough analysis of the *Carr* factors in this regard, we affirm his conclusion.

<u>The appellant has shown no error in the administrative judge's rulings on procedural and other evidentiary matters.</u>

On review, the appellant largely challenges the administrative judge's rulings on testimony, witnesses and discovery, and his decision to exclude certain evidence. PFR File, Tab 1 at 4-11. For example, the appellant argues that the administrative judge improperly denied his request for additional witnesses, thereby denying him access to key evidence and testimony. *Id.* at 5-8. However, an administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*,

---

[5] The appellant generally contends that the administrative judge's citations to the hearing testimony are inconsistent with his recollection of the hearing testimony, and he asserts that he was unable to provide detailed arguments concerning the hearing testimony because he did not receive the hearing compact discs that he had requested. PFR File, Tab 1 at 4. Although the appellant asserts that he did not receive the hearing compact discs prior to the filing deadline for his supplement to his petition, PFR File, Tab 3 at 4, he did not request an extension of time to file an additional supplement. We have thoroughly reviewed the record, including listening to the hearing testimony, and we have found no merit to the appellant's general claims of error.

27 M.S.P.R. 322, 325 (1985). In this case, the administrative judge approved 5 witnesses (including the appellant) to testify for both parties, an additional 7 witnesses to testify solely on the appellant's behalf, and he disapproved an additional 14 witnesses proffered by the appellant because he failed to establish that their testimony would be relevant and/or not redundant. W-3 AF, Tab 19 at 4.

The appellant fails to identify any relevant testimony that was improperly excluded. PFR File, Tab 1. For example, he argues that the testimony of several witnesses was "evasive" when they stated that they "did not know" or "did not remember" when questioned, and he asserts that other witnesses could have "fill[ed] in those blanks," *id.* at 6-8, but he does not specifically identify which other witnesses could have testified and how their testimony would be relevant. Instead, he appears to be arguing that the administrative judge denied his witnesses erroneously assuming that the testimony of all of the witnesses would be truthful, and thus, redundant. *Id.* at 6.

Although unclear, the appellant appears to identify two instances in which the testimony of the FSD and AFSD was impeached. *Id.* at 6-8. We have considered these instances, which appear to involve knowledge of unpaid invoices or activity concerning invoices. *Id.* However, neither instance persuades us that the administrative judge erred in his analysis of the *Carr* factors or otherwise warrants a different outcome regarding the 2011 detail.

We have considered the appellant's assertion that S.W. should have been allowed to testify because he later became his FSD and was responsible for eliminating his position in 2014 pursuant to a reduction in force (RIF). PFR File, Tab 1 at 5-6. The record reflects that the administrative judge dismissed a stay request concerning this action because the appellant failed to allege that he exhausted his administrative procedures before OSC. *Mason v. Department of Homeland Security*, MSPB Docket No. AT-1221-12-0005-S-2, Order on Stay Request (May 2, 2014). Because the elimination of the appellant's position as a

result of a RIF is not properly before the Board, and there is no suggestion that S.W. was involved in the decision to detail the appellant in 2011, S.W.'s testimony is not relevant to this appeal. We therefore find no error by the administrative judge in excluding this witness.

We also have considered the appellant's contention that the FSD testified that he had discussed the appellant with S.W., the appellant made a "motion for discovery to verify what information the witness had provided to [S.W.]," and the administrative judge erroneously denied that motion. PFR File, Tab 1 at 5-6. The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). For the reasons described above, any such information provided to S.W. does not appear relevant to the detail at issue in this appeal, and we discern no abuse of discretion in the administrative judge's ruling in this regard.

The appellant also appears to be challenging the administrative judge's dismissal of his request to stay the agency's "denial of due process." PFR File, Tab 1 at 9-11. Although somewhat unclear, we believe that this argument refers to a February 3, 2012 memorandum issued to him by the FSD, which ordered him to "vet any accusations of [misconduct] or poor management of Government resources through [his] supervisory chain" prior to raising such accusations to the agency's Office of Investigation. IAF, Tab 14 at 5-7. The appellant seems to allege that the memorandum effectively denied him due process by intimidating and restricting the testimony of potential witnesses, and he notes that he filed a stay request regarding this memorandum, which the administrative judge denied. PFR File, Tab 1 at 9; IAF, Tabs 14, 16. This argument is unavailing.

An appellant may not challenge an administrative judge's order on a stay request under the whistleblower protection statutes through the petition for review process; a request for an interlocutory appeal is the only option. *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594,

¶ 14 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). However, once the administrative judge denies a request for certification of an interlocutory appeal, the party that sought certification may raise the matter at issue in a petition for review filed after the initial decision is issued. *Id.*; 5 C.F.R. § 1201.93(b). Here, the administrative judge denied the appellant's request for a stay, but the appellant did not submit a request for an interlocutory appeal of that decision. Therefore, the appellant is barred from challenging on review the administrative judge's denial of his stay request. *McCarthy*, 116 M.S.P.R. 594, ¶ 14.

Finally, the appellant includes the following documentation for the first time on review: (1) Congressional documents relating to a May 2016 House Oversight Committee hearing on "Examining Management Practices and Misconduct at [the Transportation and Security Administration]"; and (2) a February 29, 2016 Human Capital Advisory Memorandum, which notified agency officials that all directed (involuntary) reassignments were suspended and that approval from the Office of Human Capital would be required prior to directing a reassignment. PFR File, Tab 1 at 11-12, 14-15. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Further, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

Even if we assume for purposes of our analysis that this evidence is "new," a different outcome is not warranted. The appellant appears to be arguing that this new evidence is material because if a stay had been granted, his detail may have been precluded by the Human Capital Advisory Memorandum. PFR File, Tab 1 at 12. However, as noted above, the appellant was only temporarily detailed to the Program Analyst position in 2011 and he continued to encumber

his permanent position of Financial Specialist. In contrast, a reassignment, which appears to be the focus of the 2016 Memorandum, is "a change of an employee, while serving continuously within the same agency, from one position to another without promotion or demotion." 5 C.F.R. § 210.102(b)(12). Because the Memorandum was issued several years after the relevant events transpired, and the appellant was temporarily detailed and not reassigned, we find that the documents submitted for a first time on review are not material to this case and do not warrant a different outcome. *Russo*, 3 M.S.P.R. at 349. Accordingly, we find no basis upon which to disturb the initial decision.

## ORDER

We ORDER the agency to cancel the April 14, 2010 letter of reprimand and to eliminate all references to the reprimand from the appellant's personnel records. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
CONSEQUENTIAL DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages.  To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204.  If you believe you meet these requirements, you must file a motion for consequential damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D).  5 U.S.C. § 1221(f)(3).  Please note that

while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel."  5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.